**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO OLIVARES,

Defendant-Appellant.

No. 98-1407
(D.C. No. 98-CR-135)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Antonio Olivares pleaded guilty to one count of using a communication facility in committing a controlled substance offense in violation of 21 U.S.C. § 843(b). He was sentenced to forty-eight months' imprisonment followed by one year of supervised release. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has requested leave to withdraw for the reason that the defendant's appeal is frivolous. In his brief, counsel asserts that the defendant's sentence was not imposed in violation of the law or as a result of an incorrect application of the guidelines.

Upon the filing of counsel's Anders brief, the defendant was given three opportunities to respond. He failed to do so.

After a thorough review of the record on appeal and counsel's brief, the court concludes that there are no meritorious issues for appeal. The district court decreased the defendant's offense level by three points under U.S.S.G. § 3E1.1(b) for acceptance of responsibility. The court also decreased the defendant's criminal history category classification under U.S.S.G. § 4A1.3, p.s., from III to II, finding that category III significantly overrepresented the seriousness of the defendant's criminal history. Based on a total offense level of twenty-three and a criminal history category of II, the guideline range was fifty-one to sixty-three months. However, because 21 U.S.C. § 843(d)(1) imposes a statutory maximum sentence of forty-eight months for a violation of § 843(b), the

district court imposed a forty-eight month sentence.  The district court properly

determined defendant's sentence.

AFFIRMED.  Counsel's motion to withdraw is GRANTED.

Entered for the Court


Monroe G. McKay
Circuit Judge